FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 2 5 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY | ) ) ) |
| Plaintiff, | ) Civil Action |
| v. | ) File No. **1:12-CV-3735** |
| ELETE GUARD FORCES AND ESCORT SERVICE, INC., f/k/a SHEPPERSON SECURITY & ESCORT SERVICE, INC., CHRISTOPER HAMBRICK, BERTHA THOMAS, in her capacity as the Temporary Administratrix of the Estate of CANARD ARNOLD, BERNARD ARNOLD, ANDREA ROBINSON, BRENT SOBOL d/b/a SHAMROCK GARDENS APARTMENTS, SHAMIYAH DOZIER; by and through her next friend and Natural Guardian, LISA DOZIER, CANDY HUBBARD, in her capacity as the Temporary Administratrix of the Estate of ERVIN JEFFERSON, III; Unborn child of ERVIN JEFFERSON, III, by and through its next friend and Natural Guardian MALIKA KENDRICK; CURTIS SCOTT; GARY JACKSON; and JAMCO PROPERTIES, INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR RESCISSION OR IN THE ALTERNATIVE DECLARATORY JUDGMENT

Plaintiff First Mercury Insurance Company ("FMIC"), for its Complaint

against the Defendants alleges as follows:

## I. **Introduction**

1.

The lawsuit arises out of an application for a general liability insurance policy ("Application") submitted by Defendant Elete Guard Forces and Escort Service, Inc., f/k/a Shepperson Security & Escort Service, Inc., ("Shepperson") to FMIC which stated that Shepperson did not provide security services at apartment complexes when that in fact was not true. In reliance on the information provided by Shepperson, FMIC issued policy number FMMI016772-4 (the "Policy") to Shepperson. Had FMIC known that Shepperson was in fact providing security services at apartment complexes, FMIC would not have issued the Policy as written for the premium charged. FMIC seeks to rescind the Policy based upon the misrepresentation and nondisclosure by Shepperson in the application. In the alternative, FMIC seeks a declaration that the Policy does not provide any coverage for claims arising out of or in any way connected to Shepperson's operations at apartment complexes.

## II. **The Parties**

2.

Plaintiff FMIC is an Illinois corporation with its principal place of business at

26600 Telegraph Rd., Southfield, MI 48033. FMIC is an eligible surplus lines insurer as provided by Chapter V of Title 33 of the Official Code of Georgia.

3.

Defendant Shepperson is a Georgia Corporation with its principal place of business at 4319 Edgewater Drive, N.W., Kennesaw, Cobb County, Georgia 30144, and can be served with process through its registered agent Thomas Shepperson at 4319 Edgewater Drive, N.W., Kennesaw, Cobb County, Georgia 30144.

4.

Defendant Christopher Hambrick is a resident of Dekalb County Georgia, and can be served with process at his residence located at 7610 Tree Mountain Parkway, Stone Mountain, Georgia 30083.

5.

Defendant Bertha Thomas, is a resident of Fulton County, Georgia and can be served with process at her residence located at 2295 Campground Parkway, Atlanta, Georgia 30331.

6.

Defendant Bernard Arnold, is a resident of Fulton County, Georgia and can be served with process at his residence located at 1497 Langston Avenue, SW,

Atlanta, Georgia 30310.

7.

Defendant Andrea Robinson, is a resident of Fulton County, Georgia and can be served with process at her residence located at 2295 Campground Road, Atlanta, Georgia 30331.

8.

Defendant Brent Sobol d/b/a Shamrock Gardens Apartments ("Shamrock"), is a resident of Fulton County, Georgia and can be served with process at his residence located at 3491 Buckhead Loop, NE, No. 15, Atlanta, Georgia 30326.

9.

Defendant Lisa Dozier, is a resident of Atlanta, Georgia and can be served with process at her residence located at 1965 Thomasville Estate Dr, Atlanta, GA 30315.

10.

Defendant Candy Hubbard is a resident of Douglasville, Georgia and can be served with process at her residence located at 8008 Fieldstone Court, Douglasville, GA 30134.

11.

Defendant Malika Kendrick is a resident of Decatur, Georgia and can be served

with process at her residence located at 117 Glen Hollow Circle, Apartment 7, Decatur, GA 30034.

### 12.

Defendant Curtis Scott is a resident of Clayton County, Georgia and can be served with process at his residence located at 5931 Coatsworth Drive, Rex, Georgia 30273.

### 13.

Defendant Gary Jackson is a resident of Atlanta, Georgia and can be served with process at his residence located at 4375 Cascade Road, SW, Apt. A4, Atlanta, GA 30331.

### 14.

Defendant Jamco Properties, Inc., is a Georgia corporation with its principal place of business at 878 Third Street, N.W., Suite 2000, Atlanta, GA 30318 and can be served with process through its registered agent Heath Massey at 878 Third Street, N.W., Suite 2000, Atlanta, GA 30318.

### III.  Jurisdiction and Venue

### 15.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.  Complete diversity exists between FMIC, on the one hand, and all

of the Defendants on the other hand. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

16.

This Court has personal jurisdiction over all of the Defendants.

17.

Venue is proper in the Northern District of Georgia, the judicial district in which all of the Defendants reside, pursuant to 28 U.S.C. §§ 1391 (a) and (c).

## IV. Facts

### Application for Insurance

18.

On or about May 24, 2011, Shepperson submitted to FMIC a "Security Guard, Armored Car, Patrol, Detective or Investigative General Liability Application" for a commercial general liability policy ("Application"). A true and correct copy of the Application is attached hereto as Exhibit A.

19.

In response to question 8 on the Application, Shepperson listed that its operations were "100% Security Guard." See Exhibit A.

20.

Question 9 on the Application requires the applicant to "provide percentage

- 6 -

breakdown of guard, armored car, patrol, detective and investigative operations by following categories that are appropriate." One of the categories listed is "Apartments." See Exhibit A.

21.

In response to question 9 on the Application, Shepperson stated that its operations were broken down as follows: 20% Office; 60% hotels/motels; 10% warehouses; and 10% manufacturing plants. See Exhibit A.

22.

On the line to indicate percentage of operations for apartments in question 9 on the Application, Shepperson left the line blank, indicating that Shepperson did not perform any operations at apartment complexes. See Exhibit A.

23.

In addition, question 9 on the Application provides a line to describe "Apartment Work," to which Shepperson responded "NA," and Shepperson also stated that it did not conduct any services at "[a]ny subsidized/low income housing locations." See Exhibit A.

24.

By signing the Application, Shepperson's representative warranted that the answers to the questions in the Application were true "to the best of their

knowledge and belief." See Exhibit A.

25.

In reliance on Shepperson's representations in the Application, including specifically its response to Question 9 that that Shepperson did not have any operations at apartments, FMIC agreed to insure Shepperson, calculated a premium and issued Policy Number FMMI016772-4 with a policy period of 6/5/2011-6/5/2012. ("Policy").

## **Arnold Lawsuit**

26.

On or about January 23, 2012, Shepperson informed FMIC that it was facing potential claims arising out of the death of Canard Arnold ("Arnold") who was allegedly fatally shot by Shepperson's employee Chris Hambrick ("Hambrick") at the Shamrock Gardens Apartments on or about December 30, 2011.

27.

On or about April 10, 2012, FMIC informed Shepperson that it was investigating the death of Arnold subject to a full reservation of rights.

28.

On or about June 12, 2012, Bertha Thomas as Administratrix of the Estate of Canard Arnold, Bernard Arnold and Andrea Robinson ("Arnold Plaintiffs") filed

- 8 -

suit against Shepperson, Hambrick and Shamrock in the State Court of Dekalb County, Civil Action Number 12A42791-5, to seek recovery for the death of Arnold. ("Arnold Complaint") (See Exhibit B, attached hereto).

29.

The Arnold Plaintiffs allege that Arnold was "defending himself in an altercation instigated by another individual on public property near the Shamrock Garden Apartments, which was owned and operated by [Brent Sobol]. The altercation did not take place on the premises of the Shamrock Garden Apartments."

30.

The Arnold Plaintiffs allege that while Arnold was running away from the altercation, Arnold was shot in the back by Hambrick, which injured Arnold and eventually caused Arnold to die.

31.

The Arnold Plaintiffs allege that:

At the time he fired the gunshot which fatally injured [Arnold], [Hambrick] was acting within the course and scope of his employment with [Shepperson]. At that time, [Shepperson] had been retained by [Brent Sobol] to provide security services on the premises of Shamrock Gardens Apartments, the rental residence which he owned and operated.

32.

The Arnold Lawsuit asserts claims for negligence and punitive damages against Shepperson, Hambrick, and Shamrock.

33.

The Arnold Lawsuit also asserts a claim of vicarious liability against Shepperson.

34.

On or about July 19, 2012 FMIC agreed to defend Shepperson and Hambrick subject to a full reservation of rights.

## Additional Insured Claim by Shamrock

35.

On or about July 24, 2012, Shamrock sent a letter to Shepperson's defense counsel claiming it was an additional insured on the Policy and therefore was entitled to be defended by FMIC in the Arnold Lawsuit.

36.

Shamrock's basis for claiming it is an additional insured under the policy is the provisions of the contract between Shepperson and Shamrock and a certificate of liability insurance issued by Shepperson's insurance agent Central Insurance Agency, Inc., which purports to name Shamrock as an additional insured on the

- 10 -

Policy.

37.

On or about July 25, 2012, FMIC informed Shamrock that it was investigating Shamrock's assertion that it was an additional insured under the Policy, and requested that Shamrock provide additional information in support of its claim.

## Jefferson Claim

38.

On or about April 5, 2012, Shepperson informed FMIC that it had received letters of representation from two attorneys who claimed to represent the following members of Ervin Jefferson, III's ("Jefferson") family: Shamiyah Dozier, by and through her next friend, and Natural Guardian, Lisa Dozier; Candy Hubbard, mother of Jefferson, and Malika Kendrick, pregnant mother of Jefferson's unborn child (collectively "Jefferson Family").

39.

The Jefferson Family alleges that Shepperson was contracted to provide armed security at The Village at Wesley Chapel apartment complex ("Village Apartments").

40.

The Jefferson Family alleges that Shepperson's employees Curtis Scott

- 11 -

("Scott") and Gary Jackson ("Jackson") followed a car of young women off the property of the Village Apartments and then Scott shot Jefferson, which caused Jefferson's death.

41.

The Jefferson Family stated that they are making claims against Shepperson "regarding personal injuries and the wrongful death [of Jefferson] sustained on March 24, 2012 [when] a security guard employed by Shepperson shot and killed Jefferson."

42.

As of the date of this Complaint, the Jefferson Family has not filed suit against Shepperson, Scott or Jackson.

43.

FMIC informed Shepperson that FMIC is currently investigating the claims of the Jefferson Family subject to a full reservation of rights.

**Additional Insured Claim by Jamco Properties, Inc.**

44.

Upon information and belief, Jamco Properties, Inc., ("Jamco") is the owner of the Village Apartments.

45.

On or about July 19, 2012, FMIC received a letter from Jamco's insurer, Chubb, seeking to have FMIC acknowledge that Jamco is an additional insured under the Policy for the claims by the Jefferson Family.

46.

The basis for Jamco's insurer's claim is a certificate of insurance issued by Shepperson's insurance agent Central Insurance Agency, Inc., which purports to name Jamco as an additional insured on the Policy.

## V. The Policy

47.

FMIC issued the following policy to Shepperson: Policy No. FMMI016772-4 with a policy period of 6/5/2011-6/5/2012. A certified copy of the Policy is attached hereto as Exhibit C.

48.

The Policy has limits of $1,000,000 for each "occurrence" and $2,000,000 aggregate.

49.

The Policy contains the following Insuring Agreement:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to

- 13 -

which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply….

50.

Under Section II, Who is an Insured, the Policy provides:

> **1.** If you are designated in the Declarations as:
>
> ****
>
> **c.** A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties.
>
> ****
>
> **2.** Each of the following is also an insured.
>
> a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

51.

The Policy contains an Expected or Intended Injury exclusion which provides:

> **2. Exclusions**

- 14 -

This insurance does not apply to:

a.   **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

52.

The Policy contains a Punitive or Exemplary Damages Exclusion which provides:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This insurance does not apply to any claim for punitive damages, fines or penalties imposed by law, restitution or any damages which are a multiple of, or in addition to, compensatory damages including related interest or costs whether or not such damages, related interest or costs are characterized as punitive or exemplary damages (hereinafter referred to as punitive or exemplary damages). If a "suit" shall have been brought against the insured for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action, however, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

53.

The Policy contains a Willful Violation of Penal Statute or Ordinance Exclusion

which provides:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART ERRORS AND OMISSIONS COVERAGE PART**

Notwithstanding anything to the contrary contained in the policy to which this endorsement attaches, or in any endorsement scheduled on the declarations of this policy, or in any endorsement subsequently attached to this policy, it is agreed that this insurance does not apply to "bodily injury," "property damage," "personal and advertising injury," or errors or omissions arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the "insured." There shall be no duty or obligation on the part of the Company to respond to, investigate, or defend the insured from any such claim, demand or suit.

54.

The Policy contains an Exclusion of Specific Work Endorsement which provides:

\*\*\*\*

Any and all operations at, or arising from, any government owned residential facility, or any such facility established for the purpose of providing subsidized housing, whether owned or subsidized by a municipal, state or federal government, or any subdivision or agency thereof.

\*\*\*\*

55.

The Policy provides that "[b]y accepting this policy, [Shepperson] agrees[s] ... [FMIC has] issued this policy in reliance upon [Shepperson's] representations."

- 16 -

56.

The Additional Insured- Owners, Lessees or Contractors- Scheduled Person or

Organization Endorsement to the Policy provides:

## SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Any Person or Organization Subject to Section II (Who is an insured)<br><br>That the Named Insured is Required by Valid Contract to name as an Additional Insured per Schedule on file with the Company | Various |
| Information required to complete this Schedule, if not show above, will be shown in the Declarations. ||

    **A.**     **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

       **1.**    Your acts or omissions; or

       **2.**    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the
additional insured(s) at the location(s) designated above.
****

## VI. CAUSE OF ACTION
## COUNT I- RECISSION OF THE POLICY

57.

FMIC incorporates the allegations set forth in paragraphs 1 through 56 as if
fully set forth herein.

58.

Shepperson, as an applicant for insurance, owed a duty to disclose truthful and
material information to FMIC, including disclosing all information about its
operations at apartment complexes.

59.

Shepperson breached its duty by falsely answering Question 9 of the
Application and by otherwise concealing and not disclosing that it was performing
operations at apartment complexes.

60.

Shepperson further knew that FMIC would rely on the answers it provided to
the questions in the Application, including Question 9.

61.

Shepperson knew that information it provided to FMIC, including the answer to

- 18 -

Question 9 on the Application, was material to FMIC's determination to insure Shepperson.

62.

Shepperson knew that the answer to Question 9 in the Application was false.

63.

Shepperson provided the false answer to Question 9 with the intent to deceive FMIC.

64.

FMIC reasonably and justifiably relied on the information provided to it by Shepperson, including the answer to Question 9 on the Application, in deciding whether to issue the Policy to Shepperson.

65.

If FMIC had known that Shepperson was providing security services at apartment complexes, FMIC would have charged a higher premium Policy or might not have issued the Policy at all.

66.

Whether Shepperson was providing security services at apartment complexes was material to the risk assumed by FMIC.

67.

FMIC has acted promptly in filing this action to rescind the Policy.

68.

FMIC has returned or offered to return all premium payments made by Shepperson for the Policy by depositing those amounts with the registry of the Court concurrent with the filing of this Complaint.

69.

As a result of Shepperson's intentionally false answer to Question 9 on the Application, FMIC is entitled to rescind the policy ab initio and restore the parties to their status prior to the formation of the Policy.

70.

Therefore, FMIC has no duty to defend or indemnify Shepperson, Hambrick, Scott, Jackson, Jamco or Shamrock for the Arnold Lawsuit or for the claims of the Jefferson Family.

## COUNT II- IN THE ALTERNATIVE, DECLARATORY RELIEF

71.

FMIC incorporates the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

72.

FMIC does not have any obligation to defend or indemnify Shepperson, Hambrick, Scott, Jackson, Jamco or Shamrock for any damages, losses, claims, costs or expenses arising out of or related to the claims asserted in the Arnold Lawsuit or claims by the Jefferson Family on numerous grounds, including but not limited to:

a. O.C.G.A. § 33-24-7 bars any recovery under the Policy including any obligation to defend or indemnify any of the Defendants for any claims arising out of Shepperson's operations at an apartment complex because Shepperson fraudulently failed to disclose its operations at apartment complexes, which fact was material to the risk assumed by FMIC, and if known to FMIC would have resulted in either a higher premium for the Policy or FMIC would not have issued the Policy;

b. To the extent that the damages sought by the Arnold Plaintiffs and Jefferson Family is for "bodily injury" expected or intended from the standpoint of the insured, there is no coverage;

c. To the extent that the damages sought by the Arnold Plaintiffs and Jefferson Family are for punitive or exemplary damages, there is no coverage

d. To the extent that the damages sought by the Arnold Plaintiffs and Jefferson

- 21 -

Family is for "bodily injury" arising out of a willful violation of a penal statue or ordinance committed by or with the consent of the "insured", there is no coverage;

e. To the extent that the damages sought by the Arnold Plaintiffs and Jefferson Family is for "bodily injury" arising from, any government owned residential facility, or any such facility established for the purpose of providing subsidized housing, there is no coverage;

f. To the extent that the damages sought by the Arnold Plaintiffs and Jefferson Family arises out of actions by Hambrick, Jackson and Scott that were not taken within the course and scope of their employment with Shepperson, there is no coverage for Hambrick, Jackson or Scott;

g. To the extent that Jamco or Shamrock do not have a valid contract with Shepperson to name them as an additional insured and/or such schedule is not on file with FMIC, then Jamco and Shamrock are not additional insureds under the Policy;

WHEREFORE, FMIC seeks judgment as follows:

(a) Rescind ab initio the Policy No. FMMI016772-4 issued by FMIC to Shepperson;

(b) In the alternative for a declaration that FMIC has no duty to

defend, indemnify, or reimburse any of the Defendants or otherwise pay for any damages, losses, claims, costs, or expenses arising out of Arnold Lawsuit for claims by the Jefferson Family;

(c) For reimbursement from Shepperson and Hambrick of all costs paid by FMIC in connection with the defense of Shepperson and Hambrick in the Arnold Lawsuit.

(d) For the costs of this suit; and

(e) For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 25th day of October, 2012.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

Linda B. Foster
Georgia Bar Number 081535
Seth M. Friedman
Georgia Bar Number 141501
*Attorneys for Plaintiff First Mercury Insurance Company*

One Alliance Center
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 926-4500
Fax (404) 926-4700
Lindafoster@wncwlaw.com
sethfriedman@wncwlaw.com